Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
PETER GRANDILLI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRANDILLI,<br><br>             Plaintiff,<br><br>vs.<br><br><br>ELI LILLY AND COMPANY; FOOTE, CONE & BELDING; MARIO GRIGOROV, INC.; SIBLINGS MUSIC, INC.; MARIO GRIGOROV; and DOES 1 - 10 Inclusive,<br><br>             Defendants. | Case No.<br><br><br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for copyright infringement and for unfair competition arising under the laws of the United States of America, including Title 17, United States

1. Code, § 101, et seq.  This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

2. Jurisdiction is conferred upon this Court by Title 28, United States Code § 1338.

3. Venue is proper under 28 United States Code § 1400(a) and § 1391.

## PARTIES TO THE ACTION

4. Plaintiff is an individual residing in Torrance, California.

5. Based on information and belief, Defendant ELI LILLY AND COMPANY is a business organized under the laws of the State of Indiana and has at all pertinent times herein been doing business within the State of California.  Defendant ELI LILLY AND COMPANY manufactures and markets the brand Cymbalta.

6. Based on information and belief, Defendant FOOTE, CONE & BELDING is a business organized under the laws of the State of Illinois and has at all pertinent times herein been doing business within the State of California.  It is in the business of advertising and marketing services.

7. Based on information and belief, Defendant MARIO GRIGOROV, INC., is a business is a business organized under the laws of the State of California and is in the business of creating musical compositions for advertising and marketing.

8. Based on information and belief, Defendant SIBLINGS MUSIC, INC., is a business incorporated in the State of New York and has at all pertinent times herein been doing business within the State of California.   It is in the business of creating musical compositions for advertising and marketing.

9. Based on information and belief, Defendant MARIO GRIGOROV is an individual living in Beverly Hills, California.  He is a musical composer.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names(the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained. Plaintiff is informed and believes and on that basis aver that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. ELI LILLY AND COMPANY, FOOTE CONE & BELDING, MARIO GRIGOROV, INC., SIBLINGS MUSIC, INC., MARIO GRIGOROV and the Doe Defendants are referred to collectively herein as "Defendants."

11. Plaintiff is informed and believes and on that basis aver that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

12. Plaintiff is engaged in the business of composing, writing, recording, and distributing music under his own name, PJ Grand and the PJ Grand Band.

13. Plaintiff owns the copyrights to a number of musical works.

14. Plaintiff is the sole author and owner of the copyrighted work, "Mother Nature Needs Us". The Registrar of Copyrights issued Plaintiff a Certificate of Copyright Registration No. PAu3-122-447 with the effective date of registration being May 18, 2007, a copy of which is attached hereto and incorporated by reference as Exhibit "A".

15. Plaintiff is the sole author and owner of the copyrighted work, "City Girl". The Registrar of Copyrights issued Plaintiff a Certificate of Copyright Registration No. PAu3-492-276 with the effective date of registration being April 27, 2009, a copy of which is attached hereto and incorporated by reference as Exhibit "B".

16. Based on information and belief, the Cymbalta commercial "No Where To Go" was released in 2011.

17. Based on information and belief, the Cymbalta commercial entitled either "Depression" or "Simple Pleasures" was released in 2012.

18. Plaintiff's musical work "Mother Nature Needs Us" is featured in the Cymbalta commercial "No Where To Go" without Plaintiff's consent.

19. Plaintiff's musical work "City Girl" is featured in the Cymbalta commercial entitled "Depression" or "Simple Pleasures" without Plaintiff's consent.

20. Plaintiff did not receive any compensation for the use of these works.

21. Plaintiff did not receive any screen credits for the use of these works.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

22. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 21 of this complaint.

23. Defendants, and each of them, have infringed upon Plaintiff's copyright in the work "Mother Nature Needs Us", created and owned by Plaintiff and subject to Copyright Registration No. PAu3-122-447 by featuring the work in the Cymbalta commercial entitled "No Where To Go" without consent, approval or license of Plaintiff and by continuing to distribute and copy the commercial without compensation or credit to Plaintiff.

24. Defendants, and each of them, have infringed upon Plaintiff's copyright in the work "City Girl", created and owned by Plaintiff and subject to Copyright Registration No. PAu3-492-276 by featuring the work in the Cymbalta commercial entitled either "Depression" or "Sunrise Hurts" without consent, approval or license of Plaintiff and by continuing to distribute and copy the commercial without compensation or credit to Plaintiff.

25. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

26. Defendants' infringement of Plaintiff's copyrights has yielded Defendants' profits in an amount thus far not determined.

27. Defendants' infringement has been willful and deliberate; Plaintiff is entitled to recover increased damages as a result of such willful copying.

28. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

29. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE , Plaintiff does demand:

A. That, pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them be enjoined permanently from infringing Plaintiff's copyrights' as evidenced in Copyright Registration Nos. PAu3-122-447 and PAu3-492-276 in any manner, including but not limited to the copying, manufacturing, printing, reprinting, publishing, distributing, selling, promoting or advertising any copies of the copyrighted work or by causing and/or participating in such manufacture, reprinting, publishing, distributing, selling, promoting or advertising of others.

B. That, pursuant to 17 U.S.C. § 503(b) Defendants be required to deliver up for destruction all infringing copies of Plaintiff's work.

C. That, pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff, such actual damages as the Plaintiff may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiff's copyrights believed to be in excess of $250,000.00. Plaintiff

requests Defendants account for all gains, profits, and advantages derived by Defendants from his infringement including profits of all sales of Defendants since the date of first commercial release.

    D.    That, pursuant to 17 U.S.C. § 505(c), Defendants by required to pay an award of statutory damages in a sum of not less than $25,000.00 should this statutory remedy be elected.

    E.    That, the Court finds that Defendant's conduct was committed willfully.

    F.    That, pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of increased statutory damages in a sum of not less than $50,000.00 for willful infringement should this statutory remedy be elected.

    G.    That, pursuant to 17 U.S.C. § 505, Defendants be required to pay the Plaintiff's full costs in this action and reasonable attorney's fees to Plaintiff's attorney.

    H.    That Defendants' conduct was willful or wanton and done in reckless disregard of Plaintiff's rights thereby entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

    I.    Plaintiff has other and further relief as this Court may deem just and appropriate under the circumstances.

    J.    For prejudgment interest according to law.

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiff PETER GRANDILLI demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Date: 9/6/2014

By: _____
JAYSON M. LORENZO
Attorney for Plaintiff
PETER GRANDILLI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR COPYRIGHT INFRINGEMENT

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Short Form PA**
For a Work of Performing Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

PAu 3-122-447

Effective Date of Registration
5·18·07

Application Received
MAY 18 2007

Deposit Received
MAY 18 2007

---

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

**1. Title of This Work:** MOTHER NATURE NEEDS US (All Around the World)

Alternative title or title of larger work in which this work was published:

**2. Name and Address of Author and Owner of the Copyright:**
Peter J. Grandilli
23701 S. Western Ave. #223
Torrance, CA 90501
Phone (310) 539-6803   Fax (310) 539-6803
Email: pgrand@dslextreme.com

**3. Year of Creation:** 2007

**4. If work has been published, Date and Nation of Publication:**
a. Date _____ Month _____ Day _____ Year
b. Nation

**5. Type of Authorship in This Work:**
☒ Music   ☐ Other text (includes dramas, screenplays, etc.)
☒ Lyrics   (If your work is a motion picture or other audiovisual work, use the standard Form PA.)

**6. Signature:** (Registration cannot be completed without a signature.)
☒ Author   ☐ Authorized agent
x *Peter Grandilli*

**7. Name and Address of Person to Contact for Rights and Permissions:**
☒ Check here if same as #2 above.
Phone ( )   Fax ( )
Email:

**8.** Peter J. Grandilli
23701 S. Western Av. Sp.223
Torrance, CA. 90501

**9.** Deposit account #
Name

EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**PAu 3-492-276**

**Effective date of registration:**
April 27, 2009

## Title
**Title of Work:** City Girl
**Nature of Work:** Single song, words and music.

## Completion/Publication
**Year of Completion:** 2009

## Author
- **Author:** Peter John Grandillli, pseud P.J. Grand
  **Author Created:** Single song, Music and Lyrics
  **Work made for hire:** No
  **Citizen of:** United States
  **Year Born:** 1957
  **Pseudonymous:** Yes

## Copyright claimant
**Copyright Claimant:** Peter John Grandillli, pseud P.J. Grand
23701 S. Western Ave #223, Torrance, CA, 90501

## Limitation of copyright claim
**Previously registered:** No

## Certification
**Name:** Peter John Grandillli
**Date:** April 20, 2009